# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ROBIN CROSKEY, )
)
    Plaintiff, )
)
v. ) No. 4:12CV01396 ERW
)
RICHARD G. CALLAHAN, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Robin Croskey for leave to commence this action without payment of the required filing fee [ECF No. 2]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed for lack of jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim

upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.*  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most

plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff seeks monetary relief pursuant to 42 U.S.C. § 1983 against defendants Richard G. Callahan (United States Attorney), Kenneth R. Tihen (Assistant United States Attorney), Tiffany G. Becker (Assistant United States Attorney), David D. Noce (United States Magistrate Judge), and Jean C. Hamilton (United States District Court Judge). Plaintiff alleges that defendants are violating her constitutional rights in a criminal case presently pending in the United States District Court for the Eastern District of Missouri. *See United States v. Croskey*, No. 4:11CR00196 JCH (DDN)(E.D. Mo.). Specifically, plaintiff claims that in her criminal case, defendants have "deprived [her] of her right to be tried by a lawful grand jury indictment and denied [her] due process of law." Plaintiff is suing defendants in their individual capacities.

## Discussion

3

A review of the Court's records indicates that, in her pending criminal case, plaintiff requested, and was denied, disclosure of certain grand jury materials on the ground that plaintiff's "[s]peculation that the grand jury process may have somehow been deficient is an insufficient basis for requiring disclosure of the grand jury proceedings." *See United States v. Croskey*, No. 4:11CR00196 JCH (DDN) (ECF Nos. 220 and 316, page 12). Thus, to the extent that plaintiff is now, in essence, requesting this Court to review another judge's order denying her request for grand jury disclosures and to impose consequential monetary damages, this Court is without jurisdiction to do so. Federal Courts are courts of limited, original jurisdiction. A litigant seeking review of a District Court judgment or order must file the appropriate appeal(s) in the United States Court of Appeals and the United States Supreme Court.

Furthermore, even if this Court had jurisdiction to review the merits of plaintiff's *Bivens*-type claims,[1] the complaint would be dismissed as legally frivolous. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)(a judge is immune from liability for damages where the alleged wrongdoings were performed within the judge's judicial

---

[1] Although plaintiff is suing for monetary damages under § 1983, the Court would liberally construe the complaint as having been brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)(suits for monetary damage against federal officials for the violation of constitutional rights are authorized under *Bivens*).

capacity); *Mireles v. Waco*, 502 U.S. 9, 11 (1991)(judicial immunity is immunity from suit, not simply from ultimate assessment of damages); *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 643 (9th Cir. 1999)("[a] prosecutor performing an advocate's role is an officer of the court entitled to absolute immunity"); *Barnes v. Dorsey*, 480 F.2d 1057, 1060 (8th Cir. 1973)(where prosecutor is acting within the scope of proper prosecutorial capacity, actions are cloaked with the same immunity granted to judges); *cf. Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994)(judges performing judicial functions enjoy absolute immunity from § 1983 liability); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutor is absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case").

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because subject matter jurisdiction is lacking. *See* 28 U.S.C. § 1915(e)(2)(B).

5

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 27th day of August, 2012.

*/s/ E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE